Filed 12/3/24  P. v. Avina CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOSEPH ANTHONY AVINA,<br><br>  Defendant and Appellant. | G063096<br><br>(Super. Ct. No. 17NF1132)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Scott A. Steiner, Judge. Reversed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin

Urbanski, Felicity A. Senoski and Juliet W. Park, Deputy Attorneys General, for Plaintiff and Respondent.

*   *   *

In 2018, defendant Joseph Anthony Avina pled guilty to three attempted murders. A year and a half later, he filed a petition under Penal Code former section 1170.95 (now codified as § 1172.6)[1] to vacate the three attempted murder convictions and for resentencing. The trial court summarily denied the petition. We find the denial was error, reverse the postjudgment order denying the petition, and remand for further proceedings.

## FACTS

In January 2018, Avina was charged, by way of an amended felony complaint, with nine counts, including the attempted murders of A.M., F.M., and J.M. In connection with the attempted murder of J.M., it was alleged Avina acted with premeditation. All three attempted murders were alleged to have been committed for the benefit of a criminal street gang. It was alleged Avina was a principal in the crimes and that "another principal in the offense intentionally discharged a firearm."[2]

---

[1] All further statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For clarity, we refer to the statute as section 1172.6 throughout the opinion.

[2] Avina also was charged with three counts of second degree robbery (§§ 211 & 212.5, subd. (c)), two counts of street terrorism (§ 186.22), and one count of carrying a loaded firearm in public as an active participant in a criminal street gang (§ 25850, subds. (a) & (c)(3)). These additional charges are not relevant to the disposition of this appeal.

In October 2019, Avina pled guilty to the charges and admitted the sentencing enhancement allegations. As part of pleading guilty to the attempted murders of A.M. and F.M., Avina admitted he "unlawfully, and with the specific intent to kill, attempted to murder [A.M.] and [F.M.], human beings, in violation of C.P.C. 664/187(a), and vicariously discharged a firearm [within] the meaning of P.C. 12022.53(c)." In connection with pleading guilty to the attempted murder of J.M., Avina admitted he "unlawfully, and with the specific intent to kill, attempted to murder [J.M.], a human being, in violation of C.P.C. 664/187(a), and *personally* discharged a firearm per 12022.53(c)." (Italics added.) Avina was sentenced to 13 years, eight months for the three attempted murder convictions.

In May 2022, Avina petitioned for resentencing. The trial court denied the petition. Avina timely appealed the court's order.

DISCUSSION

Avina petitioned to be resentenced under section 1172.6, which allows "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced . . . ." (§ 1172.6, subd. (a).) Relief under section 1172.6 is not available if the "defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.'" (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

3

When a petition is filed, "the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*People v. Strong, supra,* 13 Cal.5th at p. 708.) The petitioner has the burden of making the prima facie case. The "'prima facie bar was intentionally and correctly set very low.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to Section 188 or 189 made effective January 1, 2019, *unless the allegation is refuted by the record.*" (*People v. Curiel* (2023) 15 Cal.5th 433, 463, italics added.) "When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.'" (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212.)

If the petitioner clears the very low prima facie bar, the court must issue an order to show cause and hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d).) We review de novo whether a petitioner has made a prima facie case for relief. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

Avina admitted an intent to kill in connection with all three charges of attempted murder. The trial court found this admission made Avina ineligible for resentencing under section 1172.6. Two months after the court made this finding however, the California Supreme Court held that intent to kill "does not itself conclusively establish that a petitioner is ineligible for relief" under section 1172.6. (*People v. Curiel, supra,* 15 Cal.5th at p. 461.) That is because section 1172.6 is designed "to ensure that murder culpability is commensurate with a person's *actions . . .*" (*People v. Curiel, supra,* 15 Cal.5th at p. 464, italics added.) Accordingly, the basis for the

4

court's denial was erroneous. But that is not the end of the inquiry because we review the ruling de novo.

Although Avina admitted an intent to kill A.M. and F.M., he did not admit to any action taken to fulfill that intent. Instead, he admitted only that he "vicariously discharged a firearm"—an apparent reiteration of the charge in the amended complaint that "another principal in the offense intentionally discharged a firearm." Because the record before us does not establish any action taken by Avina toward the murder of A.M. or F.M., the Attorney General concedes—and we agree—Avina has made his prima facie case as to those convictions. The denial of the petition as to the attempted murders of A.M. and F.M. is reversed and the matter is remanded for the trial court to issue an order to show cause and conduct the required evidentiary hearing as to those convictions.

The attempted murder of J.M presents a different question because, although Avina was not charged with personally discharging a firearm in connection with any of the attempted murders, in his plea Avina admitted he "personally discharged a firearm" in connection with the attempted murder of J.M.

The Attorney General argues Avina's plea "conclusively establishes that [Avina] was not convicted under the natural and probable consequences theory." In support of this argument, the Attorney General relies on *People v. Romero* (2022) 80 Cal.App.5th 145, but *Romero* is not analogous. In *Romero*, the defendant was charged with first degree murder, pleaded no contest to the charge, and "admitted the allegation that he acted intentionally, deliberately, and with premeditation" in committing the murder. (*Id.* at p. 148.) The plea was based on the facts drawn from a

preliminary examination,[3] specifically that Romero: (1) agreed to drive another person to a third person's home so the second person could shoot the third person to death; (2) knew the plan was to shoot the third person to death; and (3) participated in the plan for the promise of money. (*Id.* at pp. 148–149.)

Avina's plea here does not offer any facts regarding the attempted murders. Further, although Avina's admission that he "personally discharged a firearm per 12022.53 (c)" could logically support an inference he discharged a firearm at J.M., there is nothing other than inference to support that proposition.

Given the paucity of the record of conviction, the absence of any facts supporting Avina's plea, and the intentional setting of a "'very low'" bar for a prima facie case (*People v. Lewis, supra,* 11 Cal.5th at p. 972), we conclude the trial court erred in denying Avina's petition as to the attempted murder of J.M. at the prima facie stage. The denial of the petition as to the attempted murder of J.M. is also reversed.

---

[3] Defense counsel stipulated that the preliminary examination transcript provided a factual basis for the plea. (*People v. Romero, supra,* 80 Cal.App.5th at p. 149.)

## DISPOSITION

The trial court's postjudgment order denying Avina's section 1172.6 petition for resentencing is reversed, and the matter is remanded for the issuance of an order to show cause and an evidentiary hearing on Avina's entitlement to resentencing on his convictions for attempted murder.

GOODING, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

DELANEY, J.